**TROUT, Plaintiff-Appellee, v. TIPTON, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5850.   Decided February 4, 1958.

Russell H. Volkema, Columbus, for plaintiff-appellee.
George W. Gross, Columbus, for defendant-appellant.

## OPINION

By BRYANT, J.

Geraldine Trout, plaintiff-appellee, herein called plaintiff, has filed a motion to dismiss the appeal of Ellen Tipton, defendant-appellant, herein called defendant. Plaintiff sued in Columbus Municipal Court for $800 as damages for unlawful conversion of personal property and obtained a judgment for $600 and on a previous appeal, this court set aside the judgment as being against the manifest weight of the evidence, and returned the case to the court below.

A second trial was had and judgment in favor of plaintiff again resulted, this time for $500 damages and costs which judgment was entered on May 9, 1957. On May 13, 1957, defendant filed a motion for a new trial and on the same date, defendant also filed a motion requesting the trial court to furnish a written statement of its findings of fact and conclusions of law. The case was tried to the court, a jury being waived.

It appears that the trial court from the bench overruled the motion for a new trial and made a notation thereof upon the court records. It also appears that when the request for findings of fact and conclusions of law came to the attention of the court, he decided to postpone furnishing such statement until the bill of exceptions containing the evidence was available.

It also appears that on the very same day, to wit, May 13, 1957, the trial court decided to set aside his entry overruling the motion for a new trial and decided to pass upon said motion after the said statement had been given final approval by him. Counsel for defendant appears to have known of the said intention of the court but counsel for plaintiff appears not to have had such information.

As we view the record, the court changed his mind with reference to the motion for a new trial on the very day he made the ruling. Thus, the record was in error and did not reflect correctly the court's rulings. Hence, the notations made later were to bring the record in conformity with the facts.

The final action taken by the trial court appears to be within the powers vested in such court. We can not say that it was unreasonable nor improper for the court to want to have the bill of exceptions before him for reference at the time he gave his approval to the statement which had been requested by counsel.

For the reasons above set forth, it is our opinion that the three branches of the motion to dismiss are not well taken and must be overruled.

PETREE, PJ, MILLER, J, concur.